1   GARY S. TELL (*admitted pro hac vice*)
    gtell@omm.com
2   O'MELVENY & MYERS LLP
    1625 Eye Street, NW
3   Washington, D.C. 20006-4001
    Telephone:  (202) 383-5300
4   Facsimile:  (202) 383-5414

5

6   AMY JANE LONGO (SBN 198304)
    alongo@omm.com
7   MATTHEW P. EASTUS (SBN 187747)
    meastus@omm.com
8   O'MELVENY & MYERS LLP
    400 South Hope Street
9   Los Angeles, CA  90071
    Telephone:  (213) 430-6000
10  Facsimile:  (213) 430-6407

11  Attorneys for Defendants

12  JEROME J. SCHLICHTER (SBN 054513)
    jschlichter@uselaws.com
13  TROY DOLES (*admitted pro hac vice*)
    tdoles@uselaws.com
14  SCHLICHTER, BOGARD & DENTON
    100 South Fourth Street, Suite 900
15  St Louis, MO 63102
    Telephone:  (314) 621-615
16  Facsimile:  (314) 621-7151

17  WILLIAM A. WHITE (Cal. Bar No. 121681)
    wwhite@hillfarrer.com
18  HILL, FARRER & BURRILL LLP
    One California Plaza, 37th Floor
19  300 South Grand Avenue
    Los Angeles, CA 90071-3147
20  Telephone: (213) 620-0460
    Facsimile:  (213) 620-4840

21  Attorneys for Plaintiffs

22          **UNITED STATES DISTRICT COURT**
23          **CENTRAL DISTRICT OF CALIFORNIA**

24

25

26

27

28

Case No. CV07-5359 SVW (AGRx)          STIPULATED ORDER RE: CONFIDENTIAL
                                                                  INFO.

GLENN TIBBLE, WILLIAM BAUER, WILLIAM IZRAL, HENRY RUNOWIECKI, FREDERICK SUHADOLC, HUGH TINMAN, JR.,

                Plaintiffs,

      v.

EDISON INTERNATIONAL, THE EDISON INTERNATIONAL BENEFITS COMMITTEE, EDISON INTERNATIONAL TRUST INVESTMENT COMMITTEE, SECRETARY OF THE EDISON INTERNATIONAL BENEFITS COMMITTEE, SOUTHERN CALIFORNIA EDISON'S VICE PRESIDENT OF HUMAN RESOURCES, MANAGER OF SOUTHERN CALIFORNIA EDISON'S HR SERVICE CENTER,

                Defendants.

Case No. CV07-05359 SVW (AGRx)

STIPULATED ORDER TO PROTECT CONFIDENTIAL INFORMATION

      1.      Any party involved in this litigation may designate any document, data, thing, material, testimony or other information disclosed through discovery or otherwise in the course of this litigation as "CONFIDENTIAL" in the manner set forth under the terms of this Stipulated Protective Order (hereinafter "Order"). The term "CONFIDENTIAL" describes documents or information that contain sensitive and nonpublic business personnel information, trade secrets, or other confidential or proprietary commercial, research, or development information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Such designation shall, without more, subject the designated material to the provisions of this Order, and all such material shall be protected, used, handled and disposed of strictly in accordance with the provisions of this Order.

      2.      Material designated as CONFIDENTIAL under this Order, the information contained therein, and any summaries, copies, abstracts, or other

1   documents derived in whole or in part from material designated as

2   CONFIDENTIAL (hereinafter "CONFIDENTIAL Information") shall be used only

3   for the purpose of the prosecution, defense, or settlement of this action, and for no

4   other purpose.

5       3.      CONFIDENTIAL Information shall be designated as such by a party,

6   as follows:

7               (a)      CONFIDENTIAL documents or information shall be so

8                        designated by stamping copies of the document or information

9                        produced to a party with the legend "CONFIDENTIAL".

10              (b)      In the case of responses to interrogatories or requests for

11                       admissions and the information contained therein, the

12                       designation shall be made by means of a statement at the

13                       beginning and the conclusion of such responses (or in

14                       conjunction with the subsequent furnishing of any responsive

15                       information) specifying the responses or parts thereof deemed

16                       CONFIDENTIAL.

17              (c)      In the case of depositions, any party may designate all or any

18                       portion of the deposition testimony given in this litigation as

19                       CONFIDENTIAL, either orally during the deposition or in

20                       writing within ten (10) business days after receipt of the

21                       deposition transcript.  CONFIDENTIAL information within a

22                       transcript of a deposition may be designated by underlining

23                       portions of the pages that are confidential and marking such

24                       pages as set forth in subparagraph 3(a).  Until expiration of the

25                       ten (10) day period, the entire deposition shall be treated as

26                       CONFIDENTIAL.

27      4.      The parties agree to be bound in all respects by Federal Rule of

28   Evidence 502, enacted September 19, 2008.  The parties recognize that in the

Case No. CV07-5359 SVW (AGRx)       - 3 -       STIPULATED ORDER RE: CONFIDENTIAL
                                                                              INFO.

1    course of document production, it is possible that the producing party may

2    inadvertently produce documents that are entitled to protection under the attorney-

3    client privilege, the attorney work product doctrine, or other provisions of

4    applicable law, or may inadvertently fail to designate a document as

5    "CONFIDENTIAL."  The parties agree that the erroneous or inadvertent production

6    of any material entitled to protection under the attorney-client privilege, the

7    attorney work product doctrine, or applicable law, shall not constitute a waiver of

8    such protection as to either the subject matter of the material, or as to related

9    documents or communications.  Nor shall any inadvertent failure to properly

10   designate a document or discovery response "CONFIDENTIAL" constitute a

11   waiver of such document's "CONFIDENTIAL" status pursuant to this Order.  In

12   the event that a party makes such an inadvertent production or failure to designate,

13   it may remedy such inadvertent production as follows:

14           a.      Within ten (10) days after the discovery of such production or

15                   failure to designate, the party shall give written notice to

16                   counsel for the party in receipt of the CONFIDENTIAL

17                   documents or information subject to a claim of privilege.  For

18                   inadvertent production of privileged documents or information,

19                   the notice shall state the basis for the claimed privilege or

20                   protection from disclosure.

21           b.      On receipt of such notice, counsel shall within five (5) days

22                   return the documents to the party and return, sequester or

23                   destroy any copies thereof; however, should the receiving party

24                   seek to challenge the asserted privilege, he may retain a single

25                   copy to file with the Court for such purpose under seal, with

26                   such challenge to be filed with the Court within twenty-one

27                   (21) days of the receipt of notice of the claim of privilege.

28           c.      If the inadvertent production relates to a "CONFIDENTIAL"

designation rather than a privileged document, the party shall within five (5) days thereafter produce alternate copies of the documents bearing the "CONFIDENTIAL" designation set forth in subparagraph 3(a).

d.     If counsel who received the CONFIDENTIAL or privileged document/information already has disseminated it to any other person, including a party, he shall promptly notify all those persons in writing of the need to return such CONFIDENTIAL or privileged document/information and not to further disseminate it.

Neither the provisions of this Order, nor any designation or failure to designate any particular document or information as CONFIDENTIAL information thereunder, shall, at any time or in any other litigation, constitute a waiver of any party's assertion of confidentiality with respect to any document or information covered or not covered by this Order.  Similarly, no inadvertent production of any document protected from disclosure by the attorney-client privilege, attorney work product, or any other applicable privilege shall, at any time, or in any other litigation, constitute a waiver of any party's assertion of confidentiality with respect to any document or information covered or not covered by this Order.  Nothing in this Order shall be construed to require the production of information that is subject to a claim of protection under the attorney-client privilege or the attorney work product doctrine.

5.     At any point upon receipt by a party of a document designated "CONFIDENTIAL," that party may object to the "CONFIDENTIAL" designation by notifying in writing the designated party of their objection.  Any such objection shall be served on all other parties.  The designating party shall respond to the objection (within fifteen (15) days of the receipt of such objection, or (later by agreement with the objecting party, either by (a) withdrawing the designation in question and producing new copies of the documents that do not contain the legend

or (b) refusing to withdraw the designation.  If the designating party refuses to withdraw the designation, the objecting party may seek an order of the Court removing the specified CONFIDENTIAL Information from the scope and coverage of this Order.  The designated material in question shall continue to be treated as CONFIDENTIAL subject to the terms of this Order until, the Court acts on the motion and thereafter if the Court's ruling does not remove the material from the scope and coverage of this Order.

   6.  CONFIDENTIAL Information produced pursuant to this Order shall not be revealed or disclosed directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than to the "qualified persons" designated below:

     a.  The Court in which this action or any appeal therefrom is pending;

     b.  Counsel of record to the parties in this litigation (including the paralegal, clerical, and secretarial staff employed by and directly supervised by such counsel);

     c.  A party;

     d.  Experts (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

     e.  Deponents and their counsel to the extent permitted by paragraph 8 below;

     f.  Persons with prior knowledge of the documents or the CONFIDENTIAL Information contained therein;

     g.  Witnesses at depositions;

     h.  The jury;

     i.  Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special

1          master or mediator appointed by the Court;

2          j.          Any independent document reproduction services or document

3                      or video recording and retrieval services; and

4          k.          Any other person as to whom the parties in writing agree.

5          7.          This Order is binding upon the parties, agents and employees of the

6    parties, counsel for the parties, and agents and employees of counsel for the parties.

7    This Order also binds non-parties to whom disclosure of discovery materials or

8    testimony is permitted pursuant to the terms of this Order, so long as those persons

9    have agreed to and signed the Confidentiality Acknowledgment attached hereto as

10   Exhibit A.  The party disclosing any CONFIDENTIAL Information shall retain the

11   original Confidentiality Acknowledgment and need not produce it, except upon

12   order of the Court for good cause shown, or by agreement.

13         8.          Depositions concerning CONFIDENTIAL Information shall be taken

14   only in the presence of "qualified persons."  A deponent may, during his or her

15   deposition, be shown, and be examined about, documents or information designated

16   as CONFIDENTIAL Information only if counsel complies with the procedures set

17   forth in this paragraph.  The deponent may see and retain copies of

18   CONFIDENTIAL Information only during his or her testimony, in preparation

19   therefore, or in discussions of possible testimony, and may not thereafter retain any

20   CONFIDENTIAL Information.  Nothing in this Order shall be construed to

21   preclude a party from asserting the right to object to the use of CONFIDENTIAL

22   Information with any particular deponent.

23         9.          Nothing herein shall impose any restrictions on the use or disclosure

24   by a party of material obtained by such party independent of discovery in this

25   action, whether or not such material is also obtained through discovery in this

26   action, or from disclosing its own CONFIDENTIAL Information as it deems

27   appropriate.  Likewise, nothing herein shall constitute a waiver of the confidential

28   nature or the protections existing as to any material obtained by any party

1   independent of discovery in this action.

2        10.    If any papers to be filed with the Court include CONFIDENTIAL

3   information, the proposed filing shall be accompanied by an application to file the

4   papers or the portion thereof including the CONFIDENTIAL information (if such

5   portion is segregable) under seal; the application shall be directed to the judge to

6   whom the papers are directed.

7        11.    In the event that any CONFIDENTIAL Information is used during

8   trial, such information shall become public absent a separate court order upon

9   written motion and sufficient cause shown.

10        12.    This Order shall be without prejudice to the right of the parties to bring

11   before the Court at any time the question of whether any particular document or

12   information is CONFIDENTIAL or whether its use should be restricted.  This

13   Order shall not be deemed to prejudice the parties in any way in any further

14   application for modification of this Order.

15        13.    This Order is entered solely for the purpose of facilitating the

16   exchange of documents and information between the parties to this action without

17   involving the Court unnecessarily in the process.  Nothing in this Order nor the

18   production of any information or document under the terms of this order nor any

19   proceedings pursuant to this Order shall be deemed to have the effect of an

20   admission or waiver by either party or of altering the CONFIDENTIALITY or

21   NON-CONFIDENTIALITY of any such document or information or altering any

22   existing obligation of any party or the absence thereof.

23        14.    This Order shall survive the final termination of this action.  Within

24   thirty (30) days after the termination of this action, counsel for the parties shall

25   assemble and return to each other all documents, material and deposition transcripts

26   designated as CONFIDENTIAL, and all copies of same, or shall certify the

27   destruction thereof.  All recipients of CONFIDENTIAL Information shall certify in

28   writing to the producing and designating party or parties that they have complied

1    with the provisions of this paragraph.

2        15.    The parties recognize that, during the course of this action, any party

3    may seek additional protection with regard to certain documents or information.

4    Should the parties be unable to agree on the treatment of such documents or

5    information, any party may seek appropriate relief from the court.

6        16.    The parties agree to comply with this Stipulation and Protective Order

7    pending the Court's approval and entry of the Order as agreed to.

8

9        GOOD CAUSE SHOWN, IT IS SO ORDERED

10

11

12   Dated:  December 9, 2008       By _____

13                                     ALICIA G. ROSENBERG
                                       United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

## CONFIDENTIALITY ACKNOWLEDGMENT

I, _____, hereby acknowledge that: (i) I have read the foregoing Protective Order, dated _____, 200__ (the "Order"), which I am informed has been executed by the attorneys for the parties in the action presently pending in the United States District Court, Central District of California, *Tibble v. Edison International, et al.,* Case No. CV 07-05359; (ii) I understand the terms of the Order; (iii) I agree to be bound by the terms of the Order and will not reveal Confidential Information to anyone, except as allowed by the Order; (iv) I understand upon entering of the Order by the Court, that all remedies for enforcing such an order will exist; (v) I understand that all Confidential Information and copies thereof shall be maintained in a secure manner and shall be returned no later than thirty (30) days after the termination of this action to the counsel for the party or other person who provided such Confidential Information to me; and (vi) I submit my person to the jurisdiction of the Central District of California, for the limited purpose of securing compliance with the terms and conditions of the Order.

DATED:

_____
(Signature)

Name: _____

Business Address: _____

Home Address: _____

LA1:1171464.3

STIPULATED ORDER RE: CONFIDENTIAL INFO.