GARY S. TELL (*admitted pro hac vice*)
gtell@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

AMY JANE LONGO (SBN 198304)
alongo@omm.com
MATTHEW P. EASTUS (SBN 187747)
meastus@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendants

JEROME J. SCHLICHTER (SBN 054513)
jschlichter@uselaws.com
TROY DOLES (*admitted pro hac vice*)
tdoles@uselaws.com
SCHLICHTER, BOGARD & DENTON
100 South Fourth Street, Suite 900
St Louis, MO 63102
Telephone: (314) 621-615
Facsimile: (314) 621-7151

WILLIAM A. WHITE (Cal. Bar No. 121681)
wwhite@hillfarrer.com
HILL, FARRER & BURRILL LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Facsimile: (213) 620-4840

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ORDER REGARDING DISCOVERY PROCEDURES

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

| | |
|---|---|
| GLENN TIBBLE, WILLIAM BAUER, WILLIAM IZRAL, HENRY RUNOWIECKI, FREDERICK SUHADOLC, HUGH TINMAN, JR.,<br><br>     Plaintiffs,<br><br>  v.<br><br>EDISON INTERNATIONAL, THE EDISON INTERNATIONAL BENEFITS COMMITTEE, EDISON INTERNATIONAL TRUST INVESTMENT COMMITTEE, SECRETARY OF THE EDISON INTERNATIONAL BENEFITS COMMITTEE, SOUTHERN CALIFORNIA EDISON'S VICE PRESIDENT OF HUMAN RESOURCES, MANAGER OF SOUTHERN CALIFORNIA EDISON'S HR SERVICE CENTER,<br><br>     Defendants. | Case No. CV07-05359 SVW (AGRx)<br><br>**ORDER REGARDING DISCOVERY PROCEDURES** |

## I.  DOCUMENT PRODUCTION

 The following protocols shall be employed by the parties in connection with the production of documents in this action:

  A.  Forms of Production.

    1.  Hard-copy documents.

 A party producing documents stored in hard copy shall, at its election, either: (1) provide legible, full-size photocopies of same; or (2) provide the documents in .tif image format via CD-ROM or portable hard drive. Such hard copy documents shall be produced with Bates numbering and appropriate confidentiality designations. To the extent a party producing or requesting hard copy documents seeks to produce or receive such documents in a form other than those set forth in

this paragraph, the parties may agree that such documents be produced in said form.

          2.      Electronically stored information.

A party producing documents stored electronically shall provide the information in .tif image format via CD-ROM or portable hard drive, accompanied by a load file containing the following metadata fields where applicable:

    Bcc

    Cc

    Subject

    Sent time

    Recipient

    Received time

    Begdoc

    Enddoc

    Begattach

    Endattach

    Attachment name

    Folder name

    Author

    Created

    Modified

    Custodian name

The parties agree that this list may be amended from time to time. Such documents shall be produced with Bates numbering and appropriate confidentiality designations. To the extent a party producing or requesting electronically stored information seeks to produce or receive such information in a form other than set forth in this paragraph, the parties may agree that such information be produced in said form.

B.   Privilege Logs.

A party responding to a request for production shall have the right to assert any claims of privilege by withholding the documents from production and providing a privilege log disclosing the following:

    1.   A numeric designation of the privileged document.

    2.   The date of the document.

    3.   The author(s) and recipient(s) of the document.

    4.   A clear statement of each privilege, protection or exemption claimed as a ground for refusal to produce.

    5.   The nature of the material withheld in the manner required by Rule 26(b)(5)(A)(ii).

C.   Inadvertent Production of Information Subject to a Claim of Privilege.

    1.   The parties agree that Federal Rule of Evidence 502, enacted on September 19, 2008, shall apply to this action in all respects.

    2.   A producing party may advise the receiving party of the inadvertent or unintentional disclosure of information subject to a claim of attorney client privilege or work product by written notice specifying the Bates number designations of such documents. Such inadvertent or unintentional production shall not constitute a waiver of the attorney client privilege or protection as work product.

Upon receipt of such notice, the receiving party shall, within five (5) business days, return, sequester, or destroy the originals and all copies of the document specified in the aforesaid written notice. If, however, the receiving party disagrees that the information is protected from disclosure by the attorney-client privilege or work-product protection, the receiving party may keep one (1) copy of such information while it moves the Court, within twenty one (21) days of the producing party's written notice of inadvertent or unintentional disclosure, for an order that such information be produced, in which case, the producing party shall have the

burden of proving that such privilege or protection exists. The receiving party shall not use or rely upon any such information until after the resolution of any such motion by the Court.

If a document is claimed to be privileged only in part, the holder of the privilege shall produce the document with the privileged data masked or redacted, and shall list the document in the privilege log, by bates number, and provide the information required by this Section, as to the portion withheld from production.

D. No later than 15 days from receipt, each party shall supply all other parties with copies of any documents it obtains by subpoena or other court-authorized process from third parties.

## II. DEPOSITION DISCOVERY

A. General.

1. One Deposition Rule.

Except by agreement of the parties or upon court order obtained pursuant to Rules 30(a)(2) and 26(b)(2)(A), no witness deposed in this action shall be required to give a second deposition in this action.

B. Scheduling of Depositions.

In lieu of deposition notices for depositions of parties or their employees or agents (including expert witnesses), such depositions may be requested by letter to the opposing counsel. Depositions shall, unless stipulated to the contrary or upon order of the Court, be limited to seven (7) hours and twenty (20) minutes, exclusive of breaks. Of that time, the defending party shall have twenty (20) minutes to examine the witness. The parties shall cooperate with each other in scheduling and with regard to apportionment of the time each party shall have for examining third party witnesses.

C. Objections at Depositions.

Objections to the form of questions shall contain a brief descriptive statement of the legal ground for the objection without argument.

D. Place of Deposition.

Except by agreement of the parties or by Order of the Court obtained upon a showing of good cause, no party, no employee of a party or retained testifying expert witness shall be required to attend a deposition at a location that is more than 100 miles from his place of regular employment.

E. Recording and Transcription of Depositions.

All depositions shall be recorded by machine stenography, and no reporter shall be used who is unable to provide, at customary rates, a computer-readable disk of the transcript taken in WordPerfect, Word or ASCII format.

F. Correction and Signature of Deposition Transcripts.

Deposition transcripts of party witnesses may be used as if signed at all times after receipt. Each deposition transcript may be corrected and signed by the deponent within 30 days of receipt of the transcript from the court reporter. Corrected deposition pages shall be sent to all parties.

G. Interrogatories

Absent agreement of the parties or Court order for good cause shown, the plaintiffs collectively and the defendants collectively shall be limited to 50 interrogatories, including all discrete subparts, in accordance with Fed. R. Civ. P. 33(a)(1).

## III. EXPERT DISCOVERY

A. Consulting Experts.

Work product protection shall be deemed to apply to experts until such time as the expert submits a declaration to the Court or is otherwise designated as an intended trial witness. No party shall be required to disclose the identity or the opinions of consulting experts. Designation of an individual who is a member or employee of an organization providing professional or consulting services shall not *ipso facto* alter the status of other individuals in the same organization who are working with counsel as consulting experts.

B.  Testifying Expert Depositions and Document Discovery.

1.  The purpose of this Section is to modify the provisions of Federal Rule of Civil Procedure 26(a)(2)(B) with respect to required disclosures concerning testifying experts and to limit the scope of documents concerning such experts that will be subject to discovery in this action.

2.  With respect to any person or entity whom a party will or may call as a witness at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, the party shall produce to all other parties the following documents: (i) a complete statement of all opinions to be expressed by the expert and the basis and reasons therefore (the "Expert Report"); (ii) all data and other information on which the expert relied in forming the opinions reflected in the Expert Report, (to the extent such exhibits exist at the time the Expert Report is produced); (iii) any exhibits to be used as a summary of or support for the opinions reflected in the Expert Report (to the extent such exhibits exist at the time the Expert Report is produced); (iv) a complete statement of the qualifications of the expert, including a list of all publications authored by the expert within the preceding ten years; (v) a statement of the compensation paid or to be paid to the expert by the party sponsoring that expert in connection with the expert's work in the action; and (vi) a listing of any other cases in litigation, or any administrative proceeding, in which the expert has served an Expert Report, or has testified as an expert at trial or by deposition, within the preceding five years.

3.  With respect to Paragraph 2(ii) above ("data and other information on which the expert relied in forming the opinions reflected in the Expert Report"), the parties need not produce copies of treatises or other readily accessible public source materials identified in their Experts' Reports, and, in lieu of reproducing documents previously produced in this action, the parties may identify such documents by Bates numbers.

4.  Notwithstanding anything to the contrary in Federal Rule of

ORDER REGARDING DISCOVERY PROCEDURES

Civil Procedure 26(a)(2)(B) or case law, no party may seek discovery of, or inquire at deposition regarding, drafts of Expert Reports or any information constituting or reflecting communications between an expert and counsel to a party.

December 15, 2008

IT IS SO ORDERED.

By _____
ALICIA G. ROSENBERG
United States District Judge

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

LA2:873543.3