UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLENN TIBBLE, et al., | ) | CV 07-5359 SVW (AGRx) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER OF JUDGMENT [JS-6] |
| | ) | |
| EDISON INTERNATIONAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs Glenn Tibble, William Bauer, William Izral, Henry Runowiecki, Frederick Suhadolc, and Hugh Tinman, Jr. are representatives of a class certified by this Court comprising the following:

> All persons, excluding the Defendants and other individuals who are or may be liable for the conduct described in this Complaint, who were or are participants or beneficiaries of the Plan and who were, are, or may have been affected by the conduct set forth in the Second Amended Complaint.

Order dated June 30, 2009 (Doc. 286), as amended on August 18, 2009 (Doc. 308).

On July 28, 2010, Plaintiffs filed concurrently with their [Proposed] Order of Judgment an updated damages calculation consistent with the Court's Findings of Fact and Conclusions of Law (Doc. 405), which shows the damages incurred by the Plan participants due to the difference in fees between the institutional class shares and retail class shares of the William Blair Small Cap Growth Fund, the PIMCO (Allianz) RCM Global Technology Fund, and the MFS Total Return Fund, including lost investment opportunity, from the date the Plan initially invested in the funds listed above through the date Plaintiffs filed their [Proposed] Order of Judgment. The Court finds that calculation to accurately state the Plan's losses resulting from Defendants' breach of fiduciary duties. Judgment is hereby entered in favor of the Plaintiff class on behalf of the Edison 401(k) Savings Plan against all Defendants, jointly and severally, in the amount of $370,732.

Absent a timely appeal and the filing of a supersedeas bond in accordance with Federal Rule of Civil Procedure 62(d), the judgment amount shall be deposited into the Plan's Trust within 30 days from the date of the entry of this Judgment and distributed to the participants who invested in the retail class shares of the MFS Total Return Fund, the William Blair Small Cap Growth Fund, and the PICMO (Allianz) RCM Global Technology Fund from July 2002 to the present within 60 days of the date of the entry of this Judgment.

In making their calculations regarding the allocation of the award of damages, Defendants shall be permitted to allocate the damages amount on a monthly, pro rata basis, with reasonable rules of approximation. Defendants shall be permitted to allocate damages from the fee difference between the institutional class and the retail class

of the funds at issue to class members based on class members' relative amounts invested in the affected funds as of the end of each month during the relevant time period, and to calculate class members' lost investment opportunity cost thereon on a monthly basis through the date Plaintiffs' filed their damages calculation (i.e., July 28, 2010). Moreover, Defendants shall be permitted to use reasonable adjustments to ensure that the amount allocated is the total damages of $370,732 and to employ reasonable rounding and minimum amount rules.  Finally, for class members who are participants with account balances, Defendants shall be permitted to invest the allocations into the funds at-issue (and with respect to the funds at-issue that are no longer offered, Defendants shall be permitted to invest the allocations into the funds to which the terminated funds' assets were mapped or defaulted), and for class members who are no longer participants, Defendants shall be permitted to distribute allocations to those class members in accordance with Plan rules.

It is hereby further ordered that Defendants shall replace the retail share class of the William Blair Small Cap Growth Fund with the less expensive but otherwise identical institutional share class of the same fund.

Finally, judgment is entered in favor of Defendants and against Plaintiffs as to the following issues raised in or subsequent to the Second Amended Complaint:

1. Defendants did not breach their duty of loyalty under ERISA by investing in retail share classes rather than institutional share classes of the William Blair Small Cap Growth Fund, the PIMCO (Allianz) RCM Global Technology Fund,

the MFS Total Return Fund, the Franklin Small-Mid Cap Growth Fund, the Berger (Janus) Small Cap Investors Fund, and the Allianz CCM Capital Appreciation Fund.

2. Defendants did not breach their duty of prudence in continuing to offer the retail share classes and not switching to the institutional share classes of the Berger (Janus) Small Cap Investors Fund in April 2003; the Allianz CCM Capital Appreciation Fund in April 2005; or the Franklin Small-Mid Cap Growth Fund in September 2001.

3. Defendants did not breach their duty of prudence by investing in the Money Market Fund managed by SSgA or with respect to the management fee for the Money Market Fund at any point from 1999 to the present.

4. Defendants did not breach their fiduciary duties by including mutual funds as Plan investment options.

5. Defendants' receipt of revenue sharing from certain mutual funds which offset their payments to the Plan's record-keeper, Hewitt Associates, did not constitute a prohibited transaction under 29 U.S.C. § 1106(b)(2) or 29 U.S.C. § 1106(b)(3).

6. Defendants did not violate the governing Plan instruments under 29 U.S.C. § 1104(a)(1)(D) by allowing some of the fees paid to Hewitt Associates to come from revenue-sharing arrangements.

7. Defendants did not violate the governing Plan instruments by allowing some of the compensation for the Plan Trustee, State Street, to be paid from float.

8. Defendants did not violate 29 U.S.C. § 1106(a)(1)(D), § 1106(b)(1), or § 1104(a) by allowing State Street to retain float.

9. Defendants did not violate their duty of prudence under § 1104(a)(1)(B) by doing any of the following: (a) selecting sector funds, such as the T. Rowe Price Science & Technology Fund, for inclusion in the Plan in 1999; (b) including a money market fund in the Plan rather than a stable value fund; and (c) structuring the Edison Stock Fund as a unitized fund instead of a direct ownership fund.

On all other claims asserted in the Second Amended Complaint, judgment is entered in favor of Defendants and against Plaintiffs.

IT IS SO ORDERED.

DATED:  08/09/10

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

5