1  MATTHEW P. EASTUS (SBN 187747)
   meastus@omm.com
2  O'MELVENY & MYERS LLP
   400 South Hope Street
3  Los Angeles, CA 90071
   Telephone: (213) 430-6000
4  Facsimile: (213) 430-6407

5  Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN TIBBLE, *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>EDISON INTERNATIONAL, *et al.*,<br><br>        Defendants. | Case No. CV07-05359 SVW (AGRx)<br><br>**NOTICE OF SATISFACTION OF JUDGMENT**<br><br>Judge: Hon. Stephen V. Wilson |

1  WHEREAS, on or about August 9, 2010, the Court entered Judgment ("the Judgment") in the above action in favor of Defendants Edison International, et al. (collectively "Edison" or "Defendants"), and against Plaintiffs Glenn Tibble, et al. (collectively "the class") on behalf of the Edison 401(k) Savings Plan (the "Plan"), as to the vast majority of claims asserted by the class in this class action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1101-1461, see Dkt. 413, at 3-5; and

WHEREAS, the Judgment also found in favor of the class and against Edison with regard to three specific mutual funds in the Plan—the MFS Total Return Fund, the William Blair Small Cap Growth Fund, and the PIMCO (Allianz) RCM Global Technology Fund—awarding damages to the class of $370,732, see Dkt. No. 413, at 2;[1] and

WHEREAS, the Judgment ordered that, absent a timely appeal and supersedeas bond, the damages amount be "deposited into the Plan Trust within 30 days of the entry of this Judgment and distributed to the participants who invested in the retail class shares of the [foregoing three funds] from July 2002 to the present within 60 days of the date of entry of this Judgment," Dkt. 413, at 3; and

WHEREAS, the Judgment otherwise conferred on Edison discretion in the allocation of the damages amount to affected Plan participants, stating that Edison "shall be permitted to":  (1) allocate damages on a monthly, pro rata basis, with reasonable rules of approximation, (2) allocate damages from the fee difference between the institutional class and the retail class of the funds at issue to class members based on class members' relative amounts invested in the affected funds as of the end of each month during the relevant time period, (3) calculate class members' lost investment opportunity cost thereon on a monthly basis through the

---

[1] The Judgment also ordered Edison to replace the retail share class of the William Blair Small Cap Growth Fund with an institutional share class of that fund. Dkt. # 413 at 3.  That replacement occurred on or about October 8, 2010.

1  date Plaintiffs' filed their damages calculation (i.e., July 28, 2010), (4) use
2  reasonable adjustments to ensure that the amount allocated is the total damages of
3  $370,732 and to employ reasonable rounding and minimum amount rules, (5) for
4  class members who are participants with account balances, invest the allocations
5  into the funds at issue (and with respect to the funds at-issue that are no longer
6  offered, invest the allocations into the funds to which the terminated funds' assets
7  were mapped or defaulted), and (6) for class members who are no longer
8  participants, distribute allocations to those class members in accordance with Plan
9  rules, *id.* at 2-3; and

10      WHEREAS, Defendants subsequently filed a timely supersedeas bond
11  staying enforcement of the judgment pending appeal, Dkt. Nos. 416, which
12  Defendants subsequently timely noticed, *see* Dkt.428; and

13      WHEREAS, on August 1, 2013, the Judgment was affirmed on appeal, *see*
14  *Tibble v. Edison Int'l*, 729 F.3d 1110 (9th Cir. 2013); and

15      WHEREAS, on August 12, 2013, the mandate was issued, Dkt.480; and

16      WHEREAS, on September 6, 2013, this Court entered a Stay of Judgment
17  pending the disposition of any petition for a writ of certiorari filed by Defendants,
18  including any subsequent proceedings on the writ if granted, which stay expired
19  on December 2, 2013 if Defendants did not file a petition, *see* Dkt. No. 482; and

20      WHEREAS, Defendants did not file a petition for a writ of certiorari,
21  thereby terminating the Stay by its own terms; and

22      WHEREAS, as described more fully in the accompanying Declaration of
23  Matthew P. Eastus, which is incorporated herein by reference, Defendants
24  complied with the Judgment within the time periods prescribed therein, as
25  follows:

26      (1) on or about December 9, 2013, Three Hundred Seventy-Four Thousand
27  and Seventy-Two Dollars and Six Cents ($374,072.06), consisting of the

28

3   NOTICE OF SATISFACTION OF JUDGMENT
          CASE NO. CV07-5359 SVW (AGRx)

judgment amount plus applicable post-judgment interest to date, was deposited into the clearing account of the Plan's Trust;

(2) on or about December 30, 2013, Three Hundred Seventy-Four Thousand One Hundred and Six Dollars and Seventy-Three Cents ($374,106.73), which included the amount deposited into the clearing account plus earnings thereon, was allocated to 3,185 participants and beneficiaries based on their individual Plan investments during the statutory period and deposited into the applicable default investments[2] for those individuals (the "Restorative Payments"); and

(3) on or about January 7, 2014, Defendants, through a Plan service provider, mailed a Notice of Restorative Payment (the "Notices") to each of those participants and beneficiaries advising them that they had been credited with a Restorative Payment; and

WHEREAS, Defendants have now fully and timely satisfied the Judgment, as set forth in the Eastus Declaration, leaving no principal, interest, or any other liability remaining under such Judgment;

THEREFORE, Defendants respectfully advise the Court that full and complete satisfaction of said Judgment has been made, and respectfully request that the Clerk of the Court make an entry of the full and complete satisfaction on the docket of said Judgment.

---

[2] The MFS Total Return Fund, the William Blair Small Cap Growth Fund, and the PIMCO (Allianz) RCM Global Technology Fund were previously terminated from the Plan.

Dated: January 15, 2014

Respectfully submitted:

/s/ Matthew P. Eastus
O'MELVENY & MYERS LLP

Matthew P. Eastus
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendants Edison International, Southern California Edison Company, Southern California Edison Company Benefits Committee (incorrectly named by Plaintiffs as the "Edison International Benefits Committee"), Edison International Trust Investment Committee, Edison International Trust Investment Committee Chairman's Subcommittee, Secretary of the Southern California Edison Company Benefits Committee (incorrectly named by Plaintiffs as the "Secretary of the Edison International Benefits Committee"), Southern California Edison Company's Vice President of Human Resources, and Manager of Southern California Edison Company's HR Service Center.

OMM_US:72025657.5