FILED
CLERK, U.S. DISTRICT COURT
OCT 2 5 2018
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ✓
JS-2/JS-3 ___
Scan Only___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN TIBBLE, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>EDISON INTERNATIONAL, et al.,<br><br>　　　　　　Defendants. | Case No. 2:07-cv-05359-SVW (AGRx)<br><br>**[PROPOSED] ORDER OF JUDGMENT**<br><br>Judge:　　Hon. Stephen V. Wilson<br>Courtroom: 10A |

1       This is a class action on behalf of the Edison 401(k) Savings Plan for breach
2 of fiduciary duties under the Employee Retirement Income Security Act,
3 specifically 29 U.S.C. §1132(a)(2).
4       On remand from the United States Court of Appeals for the Ninth Circuit, the
5 Court conducted a bench trial on Plaintiffs' reinstated claim for breach of the
6 fiduciary duty of prudence and entered its findings of fact and conclusions of law
7 on August 16, 2017. Doc. 567. The Court found that Defendants breached the
8 fiduciary duty of prudence under ERISA and were obligated under 29 U.S.C.
9 §1109(a) to restore to the Plan $7,524,424 in losses from that breach as of January
10 31, 2011. *Id.* The Court directed the parties to calculate the Plan's losses for the
11 period after January 31, 2011 using the Plan's total investment returns and submit a
12 stipulation of those damages. *Id.* On September 5, 2017, in accordance with the
13 Court's instructions, the parties submitted a joint stipulation that the Plan's total
14 losses under 29 U.S.C. §1132(a)(2) as of July 31, 2017 were $13,161,491, which
15 included the prior award of $7,542,424 for the period up to January 31, 2011, as
16 well as stipulated opportunity loss damages of $5,619,067 for the period from
17 February 1, 2011 to July 31, 2017. Doc 570. On September 11, 2017, the Court
18 accepted the parties' joint stipulation of Plan losses. Doc. 572.
19      On October 16, 2017, the parties filed a joint stipulation for the payment of
20 $5,800,000 in Plaintiffs' attorneys' fees, Doc. 573, which Defendants subsequently
21 paid to Plaintiffs' counsel. On November 6, 2017, Plaintiffs filed a motion for
22 reimbursement of expert witness fees and for Plaintiff incentive awards, to be
23 deducted from the total amount of Plan losses. Doc. 576. On June 27, 2018,
24 following notice to the class and an opportunity to object, the Court granted
25 Plaintiffs' request for incentive awards and denied Plaintiffs' counsel's request for
26 expert witness fees. Doc. 589. On July 12, 2018, Plaintiffs filed a notice of appeal
27 of the Court's denial of expert witness fees. Doc. 590.
28      On October 11, 2018, upon consideration of the parties' joint motion for entry

of judgment, Doc. 598, the Court rejected Plaintiffs' position regarding the form of judgment and accepted Defendants' position, including depositing the entire amount of the judgment with the Court under Federal Rule of Civil Procedure 67, i.e., $13,161,491, of which $965,212 is in dispute and at issue in Plaintiffs' pending appeal. Doc. 598-1 at 5:10–17; Doc. 600.

JUDGMENT IS HEREBY ENTERED in favor of the Plaintiff class on behalf of the Edison 401(k) Savings Plan against all Defendants, jointly and severally, in the amount of $13,161,491 (the "Judgment Amount"). Pending the resolution of Plaintiffs' appeal of the Court's denial of expert witness fees, Defendants shall cause the Judgment Amount to be deposited with the Court pursuant to Federal Rule of Civil Procedure 67. Such deposit shall be made within 30 days of the Court's entry of this Judgment.

Following the resolution of Plaintiffs' appeal of the Court's denial of expert witness fees (including this Court's award of any expert witness fees, if necessary), Defendants shall move the Court to recover the Judgment Amount on behalf of the Plan and shall cause the Judgment Amount, net of Plaintiffs' incentive awards and any expert witness fees, to be deposited in the Plan's trust account. Defendants' motion to recover the Judgment Amount shall be filed no later than 30 days after: (i) the issuance of the Court of Appeals' mandate, if the appeal is denied, or (ii) the Court's award of expert fees on remand, if the appeal is granted. Defendants shall allocate the amount deposited in the Plan's trust account to class participants according to a plan of allocation that is based on participants' individual investments in the following mutual funds, pro-rata to the extent feasible, for the time period when such funds were not in the least expensive share class, as specified below:

1. PIMCO CCM Capital Appreciation Fund (later named the Allianz CCM Capital Appreciation Fund and the Managers Cadence Capital Appreciation Fund) – August 16, 2001 to

January 31, 2011;
2. American Century International Growth Fund – August 16, 2001 to September 30, 2005;
3. American Funds American Balanced Fund – May 15, 2002 to January 31, 2011;
4. American Funds Europacific Growth Fund – May 15, 2002 to January 31, 2011;
5. American Funds—Washington Mutual Investors – May 15, 2002 to January 31, 2011;
6. Dreyfus Founders Growth Fund – January 1, 2002 to June 30, 2002;
7. Kemper-Dreman High Return Equity Fund (later named the Scudder-Dreman High Return Equity Fund and DWS Dreman High Return Equity Fund and the DWS Strategic Value Fund) – August 16, 2001 to October 15, 2009;
8. Franklin Small Cap Growth Fund (later named the Franklin Small-Mid Cap Growth Fund) – August 16, 2001 to September 28, 2007;
9. Berger Small Cap Value Fund (later named the Janus Small Cap Value Fund, Investor shares) – August 16, 2001 to September 28, 2007;
10. Morgan Stanley Dean Witter Institutional Equity Growth Fund, B shares (later named the Morgan Stanley Institutional Equity Growth Fund) – August 16, 2001 to October 1, 2003.
11. MAS Value Fund, Advisor shares (later named the Morgan Stanley Institutional Value Fund, Advisor shares) – August 16, 2001 to October 1, 2003.
12. PIMCO Long-Term U.S. Government Fund – August 16, 2001

to January 31, 2011;

13. PIMCO Low Duration Fund – August 16, 2001 to January 31, 2011;

14. PIMCO Total Return Fund – August 16, 2001 to January 31, 2011;

15. Putnam International Growth Fund (later named the Putnam International Equity Fund) – August 16, 2001 to December 18, 2003;

16. Putnam Voyager Fund – August 16, 2001 to September 15, 2004; and

17. Templeton Developing Markets Fund – August 16, 2001 to September 15, 2004.

Defendants shall file their plan of allocation, and shall concurrently serve it on Plaintiffs' counsel, no later than 60 days prior to making the allocations described above. Defendants shall file proof of their compliance with the allocation, once complete, in their notice of satisfaction of judgment.

IT IS SO ORDERED.

Dated: Oct 25, 2018

Honorable Stephen V. Wilson
United States District Judge
Central District of California